UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **JAMES HOKE** | : | Case No. 1:23-CV-72 |
| Plaintiff, | : | |
| v. | : | |
| **STERICYCLE INC.** | : | |
| 2355 Waukegan Road | : | **COMPLAINT WITH JURY DEMAND** |
| Bannock, IL 60015 | : | **ENDORSED HEREON** |
| Defendant. | : | |

## PARTIES

1. Plaintiff James Hoke ("Plaintiff") is a resident and a citizen of the State of Ohio.

2. Defendant Stericycle Inc. ("Stericycle") is a for-profit corporation located in Illinois and doing business in the State of Ohio.

## JURISDICTION AND VENUE

3. This Court has personal jurisdiction over Defendant because Defendant transacts business in this district.

4. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States, including the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 629, et seq. and the Americans with Disabilities Act ("ADAAA"), 42 U.S.C. § 12101, et. seq.

5. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 on the grounds that they are so related to the federal claims, over which the Court has original jurisdiction, that they form part of the same case or controversy.

6. Venue is proper in this Division and District because Plaintiff was employed in the Southern District of Ohio, Western Division.

7. Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on May 2, 2022, within 180 days of adverse employment actions.

8. The Equal Employment Opportunity Commission issued a Notice of Right to Sue on November 14, 2022.

9. Plaintiff filed this Complaint within 90 days of his receipt of the Notice of Right to Sue from the EEOC.

## FACTUAL ALLEGATIONS

10. Plaintiff is 59 years old.

11. Plaintiff suffers from spinal stenosis, severe arthritis, and facet joint disease.

12. Plaintiff was a loyal and dedicated employee.

13. Defendant originally hired Plaintiff in May of 2005 and promoted him to the position of Regional Sales Director in 2017.

14. In his position as the Regional Sales Director, Plaintiff led a team of sales associates throughout the Midwest Region.

15. Prior to the pandemic Plaintiff spent one to two days per week in the field with his sales representatives.

16. In March of 2020, Stericycle halted all in-person visits for representatives and their Sales Directors.

17. In the summer of 2021, Stericycle began to resume some in-person sales activities, but these activities continued to be limited.

18. In August of 2021, Stericycle announced that sales representatives would need to get back out into the field.

19. Upon the announcement of the return to field work Plaintiff informed his supervisor, Vice President of Sales for the Northeast Region, Ryan Rodriquez, that his

disabilities prevented him from going out into the field with his sales representatives.

20. In early September 2021, Defendant asked Plaintiff to provide a note from his physician so the company had documentation of his accommodation request.

21. Plaintiff provided the requested medical documentation, which stated that he was limited to walking 100 yards at a time due to his disability.

22. On September 14, 2021, Defendant verbally denied Plaintiff's request for an accommodation stating that "there are no accommodations available" and told him that his only option was to take disability leave. As such, Defendant forced Plaintiff out on medical leave.

23. During Plaintiff's medical leave, his compensation was lowered.

24. From March 2020 to September 14, 2021, Defendant only required Plaintiff to go into the field once. During that time Plaintiff was able to complete all his job responsibilities remotely.

25. During Plaintiff's forced leave no one visited his team in the field until November 2021.

26. On November 17, 2021, Plaintiff complained through counsel about Defendant's refusal to engage in the interactive process following his request for an accommodation in August 2021 and Defendant's decision to force Plaintiff out on a medical leave.

27. Defendant promoted a significantly younger employee to a regional sales director role and on November 30, 2021, Defendant moved Jim Otlewis from the Mid-Atlantic Region to Plaintiff's East Region.

28. On December 6, 2021, Plaintiff asked to return to work with an accommodation.

29. On December 9, 2021, Defendant told Plaintiff he would need to complete paperwork to return to work. Plaintiff received this paperwork December 13, 2021. Plaintiff returned the paperwork to Defendant as soon as possible.

30. Defendant told Mr. Otlewis that he would continue managing Plaintiff's Region

and that Plaintiff would be moved to another position.

31. Defendant did not return Plaintiff to work until December 27, 2021 and instructed him not to communicate with his team.

32. On January 7, 2022, Plaintiff received his mid-year performance review. Plaintiff's rating was "improvement needed." This was the first negative performance review in Plaintiff's 16-year career.

33. On January 19, 2022, Defendant informed Plaintiff it would not pay him his fourth quarter bonus.

34. On May 11, 2022, Plaintiff filed his first charge of discrimination with the EEOC alleging disability discrimination, age discrimination, failure to accommodate, and retaliation. Following his filing of an EEOC Charge, Plaintiff received another negative performance review and Defendant placed him on a Performance Improvement Plan ("PIP").

35. Plaintiff successfully completed the PIP in August of 2022.

36. On November 14, 2022, Received a Notice of Right to Sue from the EEOC.

37. Plaintiff again requested accommodations on November 23 and November 28, 2022, and notified Defendant of an upcoming surgery that would likely occur in February 2023.

38. Defendant terminated Plaintiff on December 13, 2022.

## COUNT I

### (Disability Discrimination – ADA)

39. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

40. Plaintiff was fully qualified for his position at all relevant times.

41. Plaintiff requested a reasonable accommodation.

42. Defendant discriminated against Plaintiff because of his disability, because it

4

perceived him as disabled, and/or because of his record of a disability by treating him less favorably than similarly situated non-disabled employees in violation of the ADA.

43. Defendant unlawfully refused to accommodate Plaintiff in violation of the ADA.

44. Defendant's conduct was intentional, willful, wanton, malicious, and in reckless disregard of Plaintiff's legal rights.

45. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered injury and damage, and he is entitled to relief under the ADA.

## COUNT II

### (Disability Discrimination – O.R.C. § 4112)

46. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

47. Plaintiff was fully qualified for his position at all relevant times.

48. Defendant discriminated against Plaintiff because of his disability, because it perceived him as disabled, and/or because of his record of a disability by treating him less favorably than similarly situated non-disabled employees in violation of Ohio law.

49. Defendant unlawfully refused to accommodate Plaintiff in violation of Ohio Law.

50. Defendant's conduct was intentional, willful, wanton, malicious, and in reckless disregard of Plaintiff's legal rights.

51. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered damages for which he is entitled to recovery under O.R.C. § 4112.99.

## COUNT III

### (Age Discrimination – ADEA)

52. Plaintiff realleges the foregoing paragraphs as if fully rewritten.

53. Plaintiff is over 40 years old.

5

54. Defendant intentionally discriminated against Plaintiff on the basis of his age by treating him less favorably than similarly situated younger employees in violation of the ADEA.

55. Defendant's conduct was intentional, willful, wanton, malicious, and in reckless disregard for Plaintiff's rights.

56. As a direct and proximate result of Defendant's conduct, Plaintiff suffered injury and damage for which he is entitled to damages under the ADEA.

## COUNT IV

### (Age Discrimination – O.R.C. § 4112)

57. Plaintiff realleges the foregoing paragraphs as if fully rewritten.

58. Plaintiff is over 40 years old.

59. Defendant's conduct in discriminating against Plaintiff by treating him less favorably than similarly situated younger employees in violation of O.R.C. Chapter 4112.

60. Defendant's conduct was intentional, willful, wanton, malicious, and in conscious disregard for Plaintiff's rights.

61. As a direct and proximate result of Defendant's conduct, Plaintiff suffered injury and damage for which he is entitled to damages under federal law.

## COUNT V

### (Retaliation – ADAAA)

62. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

63. Plaintiff requested reasonable accommodations from Defendant and complained to Defendant regarding the discriminatory treatment he was experiencing.

64. Defendant intentionally, willfully, and wantonly retaliated against Plaintiff after

he engaged in protected activity.

65. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages and is entitled to judgment and compensation.

## COUNT VI

### (Retaliation – O.R.C. § 4112)

66. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

67. Plaintiff requested reasonable accommodations from Defendant and complained to Defendant regarding the discriminatory treatment he was experiencing.

68. Defendant intentionally, willfully, and wantonly retaliated against Plaintiff after he engaged in protected activity, in violation of R.C. Chapter 4112.

69. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages and is entitled to judgment and compensation under R.C. Chapter 4112.

**WHEREFORE**, Plaintiff demands judgment against Stericycle, Inc. as follows:

(a) That Plaintiff be awarded all lost earnings and benefits, and front pay;

(b) That Plaintiff be awarded compensatory damages;

(c) That Plaintiff be awarded punitive damages;

(d) That Plaintiff be awarded a permanent injunction against Defendant from engaging in any further unlawful employment practices;

(e) That Plaintiff be awarded pre-judgment and post-judgment interest;

(f) That Plaintiff be awarded reasonable attorneys' fees;

(g) That Plaintiff be awarded reasonable litigation expenses and costs;

(h) That Plaintiff be compensated for the adverse tax consequences of

    receiving a lump sum award rather than his compensation over several, separate tax years; and

(i)  That Plaintiff be awarded all other legal and equitable relief to which he may be entitled.

        Respectfully submitted,

        */s/ Katherine Daughtrey Neff*
        Katherine Daughtrey Neff (0082245)
        Trial Attorney for Plaintiff
        Freking Myers & Reul LLC
        600 Vine St., 9th Floor
        Cincinnati, Ohio 45202
        Phone: (513) 721-1975
        Fax: (513) 651-2570
        *kneff@fmr.law*

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

        */s/ Katherine Daughtrey Neff*